UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 MAR 11 AM 8:56

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOHNNY BAKER,

Defendant.

CASE NO.

2:24-CR 32
Judge Sargus

JUDGE

INFORMATION

18 U.S.C. § 1341

FORFEITURE

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTORY ALLEGATIONS

1.      From around 2009 until at least November 2023, the defendant, **JOHNNY BAKER**, worked for Coalton Volunteer Firemen, Inc. (the "Fire Department"), in Jackson County, Ohio. The Fire Department provided local firefighting services, and it was funded primarily through community fundraising activities.

2.      **BAKER** held several roles at the Fire Department, most recently Fire Chief, and among his responsibilities was managing the finances of the Fire Department.

3.      **BAKER** controlled several Fire Department accounts, including two business checking accounts ("FD Account 1" and "FD Account 2") and a business credit card.

## COUNT 1
### (Mail Fraud)

4.      From on or about January 26, 2020, through on or about July 20, 2023, in the Southern District of Ohio, the defendant, **JOHNNY BAKER**, with intent to defraud, devised, intended to devise, and knowingly participated in a scheme to defraud and to deprive another of money and property by materially false and fraudulent pretenses, representations, and promises;

that is, while purporting to act as a financial manager for the Fire Department, **BAKER** embezzled funds ostensibly raised to support the Fire Department by making purchases and cash withdrawals on a Fire Department credit card and paying bills for that credit card with funds in a Fire Department bank account.

## The Scheme

Part of **BAKER's** scheme to defraud included the following:

5.      **BAKER** administered a pull-tab gaming program to raise funds for the Fire Department. Local businesses sold pull tabs to members of the local community and passed the proceeds to **BAKER** for the benefit of the Fire Department. **BAKER** deposited those funds into FD Account 1.

6.      **BAKER** moved a portion of the funds from FD Account 1 into FD Account 2.

7.      **BAKER** withdrew cash for personal use on the Fire Department credit card and used the credit card to make personal purchases, including, for example, personal vacations and entertainment, sports tickets, a utility task vehicle, firearms, home utility payments, electronics, and clothing.

8.      **BAKER** used FD Account 2 to pay the bills for the Fire Department credit card.

9.      In total, **BAKER** embezzled at least $226,081.25 of Fire Department funds for his personal use.

## Execution of the Scheme

10.      On or about December 30, 2020, in the Southern District of Ohio, for the purpose of executing the scheme described above, and attempting to do so, the defendant, **JOHNNY BAKER**, knowingly caused to be delivered by a private and commercial interstate carrier according to the direction thereon, the following matter: UPS delivered to **BAKER**'s home in Wellston, Ohio, a stereo from Amazon ordered for his personal use and paid for by the Fire

Department credit card and in turn by FD Account 2.

**In violation of Title 18, United States Code, Section 1341.**

## FORFEITURE

11. The allegations contained in this Information are incorporated here for the purpose of alleging forfeitures to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

12. Upon conviction of the offense alleged in Count 1 of this Information in violation of Title 18, United States Code, Section 1341 (Mail Fraud), the defendant, **JOHNNY BAKER**, shall forfeit to the United States, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to such offense including, but not limited to, a sum of money equal to $226,081.25 in United States currency.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, **JOHNNY BAKER**:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, **JOHNNY BAKER**, up to the value of the forfeitable property.

Forfeiture notice pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

KENNETH L. PARKER
United States Attorney

*David J. Twombly*

DAVID J. TWOMBLY (92558)
Assistant United States Attorney